# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**MICHAEL ARBASZEWSKI,**

     **Plaintiff,**

**vs.**                     **Case No.:**

**VIKING AT, LLC., a Florida Limited
Liability Company and JEFFERY
MOLER, individually**

     **Defendants.**          **/**

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, MICHAEL ARBASZEWSKI ("Plaintiff"), on his own behalf, files this Complaint against Defendants, VIKING AT, LLC, a Florida Limited Liability Company, ("VIKING") and JEFFERY MOLER, individually, ("MOLER"), (collectively "Defendants"), and states as follows:

### JURISDICTION

1.      Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover overtime wages, an additional and equal amount in liquidated damages, and attorneys' fees and costs. Additionally, Plaintiff seeks a declaration of rights pursuant to Rule 57, Fed.R.Civ.P., and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§2201-02.

2.      The jurisdiction of this Court over the controversy is proper pursuant to 28 U.S.C. §1331 as these claims arise under 29 U.S.C. §216(b).

## PARTIES

3.      At all times material hereto, Plaintiff was, and continues to be, a resident of Sarasota County, Florida.

4.      At all times material hereto, Defendant VIKING was, and continues to be, a Florida Limited Liability Company. Further, at all times material hereto, Defendant VIKING was, and continues to be, engaged in business in Florida, with a principal place of business in Sarasota County, Florida.

5.      Based upon information and belief, at all times material hereto, Defendant MOLER was an individual resident of the State of Florida, Citrus County.

6.      At all material times hereto, Defendant MOLER was the owner of VIKING and regularly exercised the authority to: (a) hire and fire employees of VIKING; (b) determine the work schedules for the employees of VIKING; and (c) control the finances and operations of VIKING.

7.      Defendant MOLER is an employer as defined by 29 U.S.C §201, et seq., in that he acted, directly or indirectly, in the interests of VIKING towards Plaintiff.

8.      At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

9.      At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

10.     At all times material hereto, Defendants were Plaintiff's "employers" within the meaning of the FLSA.

11.     Defendants were, and continue to be, "employers" within the meaning of the FLSA.

2

12.     At all times material hereto, Defendant, VIKING was, and continues to be, an "enterprise engaged in commerce" and an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

13.     Based upon information and belief, the annual gross revenue of Defendant, VIKING was in excess of $500,000.00 per annum during the relevant time periods.

14.     At all times material hereto, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

15.     At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage under the FLSA in that he:

      a.     Operated instrumentalities of commerce;

      b.     Transported goods in commerce;

      c.     Used channels of commerce;

      d.     Communicated across state lines; and/or

      e.     Performed work essential to any of the preceding activities.

16.     At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

17.     In approximately July 2011, Defendants' hired Plaintiff to work as a salary paid laborer.

18.     Plaintiff's job responsibilities included, but were not limited to, cleaning the facility, emptying trash bins, and loading equipment.

19.     At various material times hereto, Plaintiff worked for Defendants in excess of

forty (40) hours in a single workweek.

20.     From at least July 2011, and continuing through August 2012, Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single work week.

21.     Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of (40) hours per week as required by the FLSA.

22.     Defendants have violated Title 29 U.S.C. §207 from at least July 2011, and continuing through August 2012, in that:

    a.     Plaintiff worked in excess of forty (40) hours per week for the period of his employment with Defendants;

    b.     No payments, and provisions for payment, have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times his regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA; and

    c.     Defendants have failed to maintain proper time records as mandated by the FLSA.

23.     Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA was willful.

24.     Defendants failed and/or refused to properly disclose or apprise Plaintiff of his rights under the FLSA.

25.     Plaintiff has retained the law firm of Morgan & Morgan, P.A. to represent

him in this litigation and has agreed to pay a reasonable fee for the services rendered in the prosecution of this action on his behalf.

**COUNT I**
**UNPAID OVERTIME WAGES**

26.     Plaintiff realleges and incorporates Paragraphs 1 through 25 of the Complaint as if fully set forth herein.

27.     From at least July 2011, and continuing through August 2012, Plaintiff worked in excess of forty (40) hours per week during one or more weeks of his employment for which he was not compensated at the statutory rate of one and one-half times Plaintiff's regular pay.

28.     Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours each work week.

29.     At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

30.     Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per week when they knew, or should have known, such was, and is due.

31.     Defendants failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

32.     Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered, and continues to suffer, damages and lost compensation for time worked over forty

(40) hours per week, plus liquidated damages.

33.     Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff requests a judgment entered in his favor and against Defendants, jointly and severally, for actual and liquidated damages, as well as costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

## COUNT II
## DECLARATORY RELIEF

34.     Plaintiff reincorporates and readopts Paragraphs 1 through 25 of the Complaint as fully set forth herein.

35.     Plaintiff and Defendants have a Fair Labor Standards Act dispute pending, which this Court has jurisdiction to hear pursuant to 28 U.S.C. § 1331, as a federal question exists.

36.     This Court also has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act. 28 U.S.C. §§ 2201-02.

37.     Plaintiff may obtain declaratory relief.

38.     Defendants employed Plaintiff.

39.     Defendant VIKING  is an enterprise covered by the FLSA.

40.     Defendant MOLER  is an individual employer.

41.     Plaintiff was individually covered by the FLSA.

42.     Plaintiff is entitled to overtime wages pursuant to 29 U.S.C. §207.

43.     Plaintiff is entitled to an equal amount of liquidated damages.

44.     Defendants did not rely on a good faith defense in their failure to abide by

the provisions of the FLSA and failure to pay overtime compensation.

45.    It is in the public interest to have these declarations of rights recorded as Plaintiff's declaratory judgment action serves the useful purposes of clarifying and settling the legal relations at issue, preventing future harm, and promoting the remedial purposes of the FLSA.

46.    The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHERFORE, Plaintiff respectfully requests that judgment be entered in his favor and against Defendants, jointly and severally:

a.    Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per work week;

b.    Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

c.    Awarding Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

d.    Awarding Plaintiff pre-judgment interest;

e.    Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the overtime wage provisions of the FLSA; Defendants failed to keep accurate time records; Defendants have a legal duty to pay Plaintiff overtime wages pursuant to the FLSA; Defendants failed to prove a good faith defense; and Plaintiff is entitled to overtime wages, liquidated damages, and reasonable attorneys' fees pursuant to the FLSA; and

f.      Ordering any other further relief this Court deems just and proper.

## **JURY DEMAND**

Plaintiff hereby requests that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

DATED this ___24___ day of January, 2013.

Respectfully Submitted,

Amanda E. Kayfus, Esq.
Florida Bar No.: 092805
Morgan & Morgan, P.A.
600 N. Pine Island Rd., Suite 400
Plantation, FL 33324
Telephone: (954) 318-0268
Facsimile: (954) 333-3515
Email: akayfus@forthepeople.com

Richard Celler, Esq.
Florida Bar No.: 0173370
Morgan & Morgan, P.A.
600 N. Pine Island Rd., Suite 400
Plantation, FL 33324
Telephone: (954) 318-0268
Facsimile: (954) 333-3515
Email: rceller@forthepeople.com

*Attorneys for Plaintiff*